FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

DEC 2 7 2000

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DENSEL STEWART, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 99-3595 |
| PROJECT CONSULTING SERVICES, INC. | * | SECTION "L" |

## ORDER AND REASONS

Before the Court are several motions filed by plaintiff Densel Stewart ("Stewart") and defendant Project Consulting Services, Inc. ("PCS"). For the following reasons, plaintiff's Motion to Approve Notice to Potential Class Members is DENIED, plaintiff's Motion to Strike Affidavit and Exhibits is DENIED, plaintiff's Motion to Extend Time to Conduct Discovery and File Affidavit in Opposition to Defendant's Motion for Partial Dismissal is DENIED, defendant's Motion for Partial Dismissal is DENIED, defendant's Motion to Bifurcate Liability from Damages is DENIED, and defendant's Motion to Dismiss the Fair Labor Standards Act Claim of Michael Long is DENIED.

## I. BACKGROUND

Densel M. Stewart, a Mississippi resident, signed a consultant agreement with Project Consulting Services, Inc. ("PCS") on April 24, 1997 to work as a pipeline inspector. He worked for PCS until December 3, 1997. During that time, Stewart claims he was an employee and worked more than forty hours a week but received no compensation for overtime, sickness, holidays, vacation, or medical and dental expenses. Stewart now seeks various benefits available

┌─────────────────────┐
│ DATE OF ENTRY       │
│ DEC 2 7 2000        │
└─────────────────────┘

Fee_____
_Process____
X  Dktd____
__CtRmDep____
__Doc.No.__54

to employees of PCS including benefits related to healthcare, time for leave, and pension and insurance plans.

Stewart contends that he served as an employee of PCS because he was under its supervision, direction, and control. Accordingly, Stewart claims that he and other similarly situated workers are entitled to participate in the various benefits programs offered by PCS to its employees. These programs include benefits for medical, insurance, unemployment, and workers compensation plans. PCS maintains that it hired Stewart as an independent contractor and at no time did he qualify as a employee entitled to employee benefits.

On March 30, 1998, PCS responded to inquiries from the Mississippi Employment Security Commission ("MESC") and the Louisiana Department of Labor, Office of Employment Security ("OES"), concerning Stewart's employment status. PCS explained that "Stewart was hired as an independent contractor to provide visual inspection of oil and gas pipeline related material for a specific job." Def.'s Mot. Dismiss. Moreover, PCS communicated this information to a tax auditor of OES in April or May of 1998. Following these correspondences, PCS indicates that it has not received any further communications from MESC or OES regarding Stewart's employment status.

Stewart raises several causes of action in his complaint. He brings federal claims under the Employment Retirement Insurance Security Act ("ERISA"), 29 U.S.C. § 1132, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and the 26 U.S.C. § 6051(a) concerning the Social Security Administration. In addition, Stewart raises pendant state law claims for unemployment benefits, workers compensation benefits, and fraud. Stewart also amended his complaint to bring

2

each of his complaints on behalf of a purported class of similarly situated workers who were allegedly wrongly classified as independent contractors.

The parties have filed several motions in this case. Stewart moves to approve notice to potential class members, to strike defendant's affidavit and exhibits, and to extend time to conduct discovery and file an affidavit in opposition to defendant's motion for partial dismissal. PCS moves for partial dismissal of plaintiff's claims pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. Defendant also moves to bifurcate liability from damages and to dismiss the Fair Labor Standards Act Claim of Michael Long.

## II. ANALYSIS

The Court first considers defendant's motion for partial dismissal of plaintiff's claims. PCS moves to dismiss Stewart's claims brought under ERISA, COBRA, social security, unemployment compensation, workers compensation and fraud related statutes.[1] PCS contends that Stewart's claims are brought untimely and therefore should be dismissed.

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a district court should construe the complaint liberally in favor of the plaintiff, assuming all factual allegations to be true. *See Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

---

[1] PCS does not seek to dismiss Stewart's claims under the FLSA.

3

Defendant's motion for partial dismissal fails because it is raised prematurely. PCS has filed no answer to plaintiff's complaint and neither party has engaged in discovery. Defendant's contentions that plaintiff violated statues of limitations are issues pregnant with fact.

PCS argues that Stewart's ERISA claim should be dismissed because it is prescribed. PCS characterizes Stewart's claim as a cause of action under 29 U.S.C. § 1140 for discrimination or interference with rights and benefits afforded by an ERISA plan.[2] PCS further explains that § 1140 lacks a prescriptive period and therefore should be governed by the most analogous state statute of limitations governing torts, wrongful discharge, and/or employment discrimination. Because Louisiana provides a one year prescriptive period for all delictual actions, PCS insists that Stewart's ERISA claims is prescribed. *See* Def.'s Mot. to Dismiss at 5-6.

Stewart responds that his ERISA claim arises under both § 1132 and § 1140 because PCS intentionally misclassified him as an independent contractor to prevent him from taking advantage of the benefits of its ERISA plan. Stewart, therefore, explains his cause of action as a denial of benefits under § 1132 and not only as a discrimination claim under § 1140. If §1132 is applicable, Stewart's claim is subject to a ten year prescriptive period. *See Kennedy v. Electricians Pension Plan*, 954 F.2d 1116, 1120 (5th Cir. 1992) (classifying § 1132(a)(1)(B) claim for ERISA benefits as a personal action subject to a ten year prescriptive period). To the extent Stewart also raises a claim under § 1140, however, that claim is subject to a one-year prescriptive period and is prescribed. *See Nelson v. Shoney's Inc.*, No. Civ.A. 96-2199, 1997 WL 567957, at *3 (E.D. La. Sept. 10, 1997) (holding that a one-year prescriptive period applies to

---

[2] PCS contends that Stewart disputes his right to participate in an ERISA plan rather than the failure of PCS to pay specific benefits.

§ 1140 claims in Louisiana). The particular facts of this litigation, however, remain uncertain and are at this point in the litigation insufficient to support a motion to dismiss. Until further discovery is conducted, the Court cannot determine exactly what claims are at issue in the litigation.

Similarly, plaintiff's motion to approve notice to potential class members is premature. If Stewart's own claims are not clearly presented to the Court, then it is impossible to identify a similarly situated class member much less notify one. For this reason, defendant also raises its motion to dismiss the FLSA claim of Michael Long at an inappropriate time. Long may or may not bring a proper FLSA claim, but it is too early in the litigation for the Court to make that determination. Finally, defendant raises the issue of bifurcating liability from damages. This request is likewise premature and is therefore denied.

### III. CONCLUSION

The motions presented by the parties in this case raise issues pregnant with facts. Before the Court may be able to consider these issues appropriately, the parties must proceed with some discovery. Accordingly, IT IS ORDERED that defendant file an answer within twenty (20) days. IT IS FURTHER ORDERED that a status conference in the chambers of Judge Eldon E. Fallon is scheduled for Tuesday, January 30, 2001, at 1:30 p.m. At the status conference, counsel shall present a joint discovery plan. If counsel cannot agree on a joint discovery plan, then counsel for each party shall present a proposed discovery plan, and the Court will then determine a plan for conducting discovery.

IT IS FURTHER ORDERED that plaintiff's Motion to Approve Notice to Potential Class Members is DENIED, plaintiff's Motion to Strike Affidavit and Exhibits is DENIED, plaintiff's

Motion to Extend Time to Conduct Discovery and File Affidavit in Opposition to Defendant's

Motion for Partial Dismissal is DENIED, defendant's Motion for Partial Dismissal is DENIED,

defendant's Motion to Bifurcate Liability from Damages is DENIED, and defendant's Motion to

Dismiss the Fair Labor Standards Act Claim of Michael Long is DENIED.  Counsel may reurge

any motion at a later and appropriate point in the litigation.


Done this 26 day of December, 2000
New Orleans, Louisiana


UNITED STATES DISTRICT JUDGE