FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 29  AM 8: 42

AUG 2 9 2001

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DENSEL STEWART, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 99-3595 |
| PROJECT CONSULTING SERVICES, INC. | * | SECTION "L" |

### ORDER AND REASONS

Before the Court are several motions filed by defendant Project Consulting Services, Inc. ("PCS"). For the following reasons, defendant's Motion to Dismiss Class Action is GRANTED; Motion to Dismiss the Fair Labor Standards Act Claims of Michael Long, Bobby Cooper, and Bobby Cooper II as Untimely is GRANTED; and Motion to Dismiss Collective Action is GRANTED.

### I. BACKGROUND

Densel M. Stewart, a Mississippi resident, signed a consultant agreement with Project Consulting Services, Inc. ("PCS") on April 24, 1997 to work as a pipeline inspector. He worked for PCS until December 3, 1997. During that time, Stewart claims he was an employee and worked more than forty hours a week but received no compensation for overtime, sickness, holidays, vacation, or medical and dental expenses. Stewart now seeks various benefits available to employees of PCS including benefits related to healthcare, time for leave, and pension and insurance plans.

Stewart contends that he served as an employee of PCS because he was under its

DATE OF ENTRY
AUG 2 9 2001

Fee____
Process____
X  Dktd____
   CtRmDep____
Doc.No.____

supervision, direction, and control. Accordingly, Stewart claims that he and other similarly situated workers are entitled to participate in the various benefits programs offered by PCS to its employees. These programs include benefits for medical, insurance, unemployment, and workers compensation plans. PCS maintains that it hired Stewart as an independent contractor and at no time did he qualify as a employee entitled to employee benefits.

On March 30, 1998, PCS responded to inquiries from the Mississippi Employment Security Commission ("MESC") and the Louisiana Department of Labor, Office of Employment Security ("OES"), concerning Stewart's employment status. PCS explained that "Stewart was hired as an independent contractor to provide visual inspection of oil and gas pipeline related material for a specific job." Def.'s Mot. Dismiss. Moreover, PCS communicated this information to a tax auditor of OES in April or May of 1998. Following these correspondences, PCS indicates that it has not received any further communications from MESC or OES regarding Stewart's employment status.

Stewart raises several causes of action in his complaint. He brings federal claims under the Employment Retirement Insurance Security Act ("ERISA"), 29 U.S.C. § 1132, the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and the 26 U.S.C. § 6051(a) concerning the Social Security Administration. In addition, Stewart raises pendant state law claims for unemployment benefits, workers compensation benefits, and fraud. Stewart also amended his complaint to bring each of his complaints on behalf of a purported class of similarly situated workers who were allegedly wrongly classified as independent contractors.

## II. ANALYSIS

### A. Motion to Dismiss Class Action

Defendant moves to dismiss plaintiff's class action claims as untimely. Plaintiff responds that they require more discovery and will move to compel production within two weeks. Plaintiff, however, has had more than eighteen months to pursue his class action claims. On January 21, 2000, plaintiff filed his First Amended Class Action Complaint. On February 22, 2000, the Court granted plaintiff's Unopposed Motion to Enlarge Class Certification Deadline until thirty (30) days after the Court ruled on Defendant's motion to dismiss. The Court denied defendant's motion to dismiss on December 27, 2000. Plaintiff failed to act on his claims of class certification following the Court's ruling and now requests at least another six weeks in order to move to compel discovery and to file for class certification.

Plaintiff's request for class certification comes too late. Rule 23 provides for determination of a class action "as soon as is practicable after the commencement of the action." Fed. R. Civ. P. 23(c). Moreover, Local Rule 23.1(B) explains that a plaintiff shall move for certification of a class within 90 days after filing the complaint unless the period is extended for good cause. Plaintiff has had more than eight months to move for class certification since the Court first ruled on defendant's motion to dismiss. Trial is scheduled for December 10, 2001, approximately ten weeks after plaintiff proposes now submitting a motion for class certification. Additionally, plaintiff indicates that only four possible class members currently exist. Pl.'s Resp. ¶ 4. The Court, therefore, finds that plaintiff has failed to raise his class action claims timely.

B.  **Motion to Dismiss the Fair Labor Standards Act Claims of Michael Long, Bobby Cooper, and Bobby Cooper II**

Defendant moves to dismiss the Fair Labor Standards Act Claims of Michael Long, Bobby Cooper, and Bobby Cooper II as untimely. Plaintiff responds that the continuing violations doctrine applies and that the statute of limitations should be equitably tolled.

The Fair Labor Standards Act ("FLSA") requires claims to be brought within two years of the accrual of a cause of action and within three years if the cause of action is willful. *See* 29 U.S.C. § 255(a). For plaintiffs attempting to opt-in to a collective action claim such as Long, Cooper, and Cooper II, a FLSA cause of action does not commence until they file written consent with the court. *See id.* § 256(b). Bobby Cooper and Bobby Cooper II filed consent-to-sue statements with the court on July 20, 2001. Nevertheless, Michael Long, Bobby Cooper, and Bobby Cooper II ceased their employment with PCS on November 14, 1996, February 6, 1998, and August 26, 1997, respectively. Def.'s Statement Mat. Facts; Petry Aff. Plaintiff fails to refute these dates despite months of opportunity for discovery and instead argues without foundation that the statute of limitations should be tolled. Long, Cooper, and Cooper II are barred from raising FLSA causes of action because their employment ended more than three years ago.

C.  **Motion to Dismiss Collective Action**

Defendants move to dismiss plaintiff's collection action complaint because plaintiff has failed to identify other similarly situated parties interested in joining the collective action. Plaintiff submits the consent to-sue letters of Bobby Cooper and Bobby Cooper II filed with the court on July 20, 2001. As previously discussed, however, these individuals are prescribed from

bringing FLSA claims. Plaintiff identifies no other potential member of the collective action and simply sues on behalf of "current and former employees similarly situated." Compl. Plaintiff specifies no factual nexus binding him to other potential plaintiffs. *See Whitworth v. Chiles Offshore Corp.*, Civ.A. No. 92-1504, 1992 WL 235907 (E.D. La. Sept. 2, 1992). Therefore, plaintiff fails to satisfy the requirements for sustaining a collective action claim.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Class Action is GRANTED; Motion to Dismiss the Fair Labor Standards Act Claims of Michael Long, Bobby Cooper, and Bobby Cooper II as Untimely is GRANTED; and Motion to Dismiss Collective Action is GRANTED.

Done this 28 day of August, 2001
New Orleans, Louisiana

UNITED STATES DISTRICT JUDGE