

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENSEL STEWART, ET AL. | CIVIL ACTION |
| versus | NO. 99-3595 |
| PROJECT CONSULTING SERVICES, INC. | SECTION "L" (1)<br>FALLON/SHUSHAN |

### PROJECT CONSULTING SERVICES, INC'S
### MOTION ENFORCE SETTLEMENT AGREEMENT

Project Consulting Services, Inc. ("PCS"), seeks and order requiring Densel Stewart to immediately return documents in accordance with the settlement agreement and Receipt and Release that was confected on December 17, 2001. Reasons supporting the Motion are set forth in the attached Memorandum.

_____
ELLIS B. MUROV, T.A. (9839)
BERNARD MARCUS (9261)
CHARLES F. SEEMANN III (23933)
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street,
New Orleans, Louisiana   70130
Phone:  504-581-5141
Attorneys for Project Consulting Services, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the Motion to Enforce Settlement Agreement, with attached Memorandum in Support and Notice of Hearing, have been served on:

Thomas H. Padgett, Jr., Esq.  
Judith Batson Sadler, Esq.  
Sadler & Sykes, L.L.P.  
50 Briar Hollow, Suite 550E  
Houston TX 77027

J. Ricky LaFleur, Esq.  
J. Ricky LaFleur, P.L.C.  
Two So. Magdalen Square, Ste. 207  
Abbeville LA 70510

by hand, by fax and/or by placing same in the U.S. Mail, postage prepaid and properly addressed, this 11 day of February, 2002.

_____  
ELLIS B. MUROV

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENSEL STEWART, ET AL. | CIVIL ACTION |
| versus | NO. 99-3595 |
| PROJECT CONSULTING SERVICES, INC. | SECTION "L" (1)<br>FALLON/SHUSHAN |

**MEMORANDUM IN SUPPORT OF
PROJECT CONSULTING SERVICES, INC'S
<u>MOTION ENFORCE SETTLEMENT AGREEMENT</u>**

<u>**May It Please the Court:**</u>

With the assistance of this Court, the parties reached an agreement to settle the captioned lawsuit in late November. Project Consulting Services, Inc. ("PCS") conveyed a check to Plaintiff's counsel and a Receipt and Release on December 13, 2001. Densel Stewart ("Stewart") and his counsel executed the Receipt and Release on December 17, 2001.

Paragraphs 5 and 11 of the Receipt and Release read as follows:

5.

In further consideration for payment of the Fifty Thousand and No/100 ($50,000.00) Dollars referenced in Paragraph 1, and in accordance with the Protective Order entered by Judge Fallon on August 13, 2001, Stewart agrees to return all documents produced by

1

PCS during discovery and/or attached to depositions and not to maintain any copies of any of said documents.

11.

The United States District Court for the Eastern District of Louisiana shall retain jurisdiction in the event that it becomes necessary to enforce any provision of this Release.

*See* attached.

The undersigned inquired about the return of documents on December 27 and January 4. *See* attached. The undersigned spoke with Tom Padgett and exchanged e-mails with Tom Padgett on January 11, 2002, regarding return of documents. When documents had not been returned, the undersigned wrote Tom Padgett on January 28 asking for the immediate return of documents. On January 28, 2002, Judith Sadler responded. *See* attached.

To date, however, Stewart still has not returned the documents that he promised to return when he executed the Receipt and Release on December 17. PCS, accordingly, requests an order requiring Stewart and his counsel to immediately return the documents.

*[signature]*
ELLIS B. MUROV, T.A. (9839)
BERNARD MARCUS (9261)
CHARLES F. SEEMANN III (23933)
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street,
New Orleans, Louisiana   70130
Phone: 504-581-5141
Attorneys for Project Consulting Services, Inc.

2

## **RECEIPT AND RELEASE**

This Receipt and Release is entered into in New Orleans, Louisiana, this *17* day of December, 2001, by Densel Stewart and Project Consulting Services, Inc.

As used in this Receipt and Release, the term "PCS" refers to and includes Project Consulting Services, Inc., its parents, subsidiaries, affiliates, predecessors, successors, assigns, lessees, underwriters, insurers, stockholders, trustees, directors, officials, managers, employees, and agents including, but not limited to, Gary B. Vogt, Kenneth E. Breaux, and Charles L. Petrey, and all former trustees, directors, managers, officials, employees, and agents as well as every other person, firm, or entity who might be or might have been liable for claims described below and released herein.

As used in this Receipt and Release, the term "tenure" refers to Densel Stewart's work with PCS between approximately April 24, 1997 and December 3, 1997.

As used in this Receipt and Release, the term "Consultant Agreement" refers to that document entitled "Consultant Agreement" signed by Stewart on April 24, 1997.

As used in this Receipt and Release, the term "Stewart" refers to Densel Stewart and all of his relatives, heirs, spouses, executors, administrators, legal representatives, including, but not limited to, Sadler & Sykes, L.L.P., Judith B. Sadler, Charles E. Sykes and Thomas H. Padgett, Jr., and all of their assigns.

As used in this Receipt and Release, the term "Vogt" refers to Gary B. Vogt, and all of his relatives, heirs, spouses, executors, administrators, legal representatives, and assigns.

As used in this Receipt and Release, the term "Breaux" refers to Kenneth E. Breaux and all of his relatives, heirs, spouses, executors, administrators, legal representatives, and assigns.

As used in this Receipt and Release, the term "Petrey" refers to Charles L. Petrey and all of his relatives, heirs, spouses, executors, administrators, legal representatives, and assigns.

1.

For and in consideration of the payment of Fifty Thousand and No/100 ($50,000.00) Dollars by PCS, to be divided by Stewart and his attorneys, Sadler & Sykes, as they see fit, the sufficiency and receipt of which is hereby acknowledged by Stewart, Stewart agrees to dismiss, with prejudice, the suit captioned, "Densel Stewart, et al v. Project Consulting Services, Inc." No. 99-3595-L(1) on the docket of the United States District Court for the Eastern District of Louisiana, ("the Suit"). Such dismissal with prejudice will be filed with said Court by Stewart and his attorneys, Sadler & Sykes, within two (2) business days of Stewart's receipt of the monetary payment referred to in Paragraph 1.

2.

In further consideration for the payment of the Fifty Thousand and No/100 ($50,000.00) Dollars, referenced in Paragraph 1, Stewart hereby remises, releases and forever discharges PCS from liability for any and all claims, demands, suits and causes of action of whatever nature, *in personam*, *in rem*, in law, or in equity, whether growing out of COBRA, compensation, contract, ERISA, Fair Labor Standards Act, fraud, the Social Security Act, tort, unemployment compensation, workers compensation, or otherwise, including, but not limited to, all claims and causes of action under 26 U.S.C. §3401, *et seq*.; and §3501, *et seq*.; 29 U.S.C. §201, *et seq*.; 29 U.S.C. §1001, *et seq*., including, but not limited to, 29 U.S.C. §§1132 and 1140, 29 U.S.C. §1161, *et seq*.; La. Code Civ. arts. 1953, *et seq*.; La. Code Civ. arts. 1994-2004; La. Code Civ. arts. 2315, *et seq*.; La. R.S. 23:1021, *et seq*.; Miss. St. §71-3, *et seq*.; La. R.S. 23:1601, *et seq*., Miss. St. §71-5-1, *et seq*., as well as any other federal, state, and/or local laws, ordinances, rules, regulations, and/or

orders which may have afforded Stewart a possible cause of action against PCS for wages, monies, damages, compensatory damages, liquidated damages, punitive damages, statutory penalties, medical benefits or payments, disability benefits or payments, life insurance benefits or payments, retirement benefits or payments, unemployment compensation benefits or payments, interest, costs, attorney fees, injunctive relief, declaratory relief, and/or other legal remedy or legally recoverable category of damages which Stewart has ever had, now has, or may hereinafter have, growing out of or in anyway connected directly or indirectly with the Suit, the Consultant Agreement, Stewart's tenure with PCS, and/or Stewart's efforts to work for PCS from the beginning of the world to the date of this Release.

3.

In further consideration for the payment of Fifty Thousand and No/100 ($50,000.00) Dollars referenced in Paragraph 1, Stewart agrees to hold PCS harmless from and to defend and indemnify PCS for any and all liability which may be asserted against it by the United States of America or the States of Louisiana and/or Mississippi for social security, medicare and/or income taxes due in connection with such payment together with interest, penalties thereon, costs and attorney fees. No deductions have been made from the aforesaid payment because of the contention by Stewart that the payment herein does not constitute wages.

4.

In further consideration for the payment of the Fifty Thousand and No/100 ($50,000.00) Dollars referenced in Paragraph 1, Stewart agrees to keep the terms of this Receipt and Release strictly confidential, and, without the written consent of PCS, not to display, discuss, or publicize any or all of the terms of this agreement or the fact that a settlement was reached. Stewart

agrees that the only statements he will make to any person other than his attorneys about the Suit from this date forward is: "The lawsuit has been resolved and the suit dismissed."

5.

In further consideration for payment of the Fifty Thousand and No/100 ($50,000.00) Dollars referenced in Paragraph 1, and in accordance with the Protective Order entered by Judge Fallon on August 13, 2001, Stewart agrees to return all documents produced by PCS during discovery and/or attached to depositions and not to maintain any copies of any of said documents.

6.

Stewart further understands and agrees that the payment made herein is not to be construed as an admission of liability on the part of PCS, by whom liability is and has been expressly denied. Rather, the payment made herein is solely motivated by the desire to avoid additional costs, attorney fees and distraction of PCS employees.

7.

In further consideration for payment of the Fifty Thousand and No/100 ($50,000.00) Dollars referenced in Paragraph 1, PCS hereby remises, releases and forever discharges Stewart from liability for any and all claims, demands, suits, causes of action of whatever nature, *in personam*, *in rem*, in law or in equity, for monies, damages, interest, costs, attorney fees and/or any other legal remedy or legally recoverable category of damages which PCS has ever had, now has or may hereafter have, growing out of or in any way connected directly or indirectly with Stewart's tenure with PCS and/or the Suit, from the beginning of the world to the date of this Release.

8.

Stewart acknowledges that he has, in the presence of his attorneys, read this Receipt and Release and that he knows that he is releasing, discharging, and giving up all his rights, causes

of action, claims, and demands of any kind whatsoever against PCS growing out of or in any way connected directly or indirectly with the Consultant Agreement, the Suit, his tenure with PCS, and/or with his efforts to gain work with PCS from the beginning of the world until the date of this Release, and that he does so willingly, freely, without duress or promise, after having had explained to him by the counsel of his choice, Sadler & Sykes, L.L.P., his legal rights under all applicable laws.

9.

Should any provision of this Receipt and Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be part of this Receipt and Release.

10.

In the event of any dispute or action arising out of this Receipt and Release, Louisiana law shall apply.

11.

The United States District Court for the Eastern District of Louisiana shall retain jurisdiction in the event that it becomes necessary to enforce any provision of this Release.

_____
**DENSEL STEWART**

## ACKNOWLEDGMENT

BEFORE ME, the undersigned authority, a Notary Public, personally came and appeared:

**DENSEL STEWART,**

who identified himself to me as such person and after having been duly sworn, did depose and say:

That he has carefully read the above and foregoing "Receipt and Release" in its entirety; that he understands the contents thereof in full and without reservation and that he signed his name thereto in return for the purposes therein stated as his own free act and deed.

_____
**DENSEL STEWART**

Sworn to and Subscribed Before Me
this _12th_ day of December, 2001.

_____
NOTARY PUBLIC

My Commission Expires May 12, 2006

## ACKNOWLEDGMENT

BEFORE ME, the undersigned authority, a Notary Public, personally came and appeared:

### THOMAS H. PADGETT, JR.,

who identified himself to me as such person and after having been duly sworn, did depose and say:

That he is a licensed attorney in the State of Texas; that he has carefully read the above and foregoing "Receipt and Release" in its entirety; that he understands the contents thereof in full; that he advised his client, Densel Stewart, of his rights under all applicable laws; and that he then signed said Receipt and Release voluntarily as his own free act and deed.

_____
THOMAS H. PADGETT, JR.

Sworn to and Subscribed Before Me
this 14th day of December, 2001.

_____
NOTARY PUBLIC

LISA L. LOVERDI
MY COMMISSION EXPIRES
December 20, 2003

-7-

## ACKNOWLEDGMENT

BEFORE ME, the undersigned authority, a Notary Public, personally came and appeared:

**PROJECT CONSULTING SERVICES, INC.,**
**Appearing herein through**_____,

who identified himself to me as such person and after having been duly sworn, did depose and say:

That he has carefully read the above and foregoing "Receipt and Release" in its entirety; that he understands the contents thereof in full and without reservation and that he signed his name thereto in return for the purposes therein stated as his own free act and deed.

**PROJECT CONSULTING SERVICES, INC.**

By: _____

Sworn to and Subscribed Before Me
this _____ day of December, 2001.

_____
NOTARY PUBLIC

-8-

## ACKNOWLEDGMENT

BEFORE ME, the undersigned authority, a Notary Public, personally came and appeared:

**ELLIS B. MUROV,**

who identified himself to me as such person and after having been duly sworn, did depose and say:

That he is a licensed attorney in the State of Louisiana; that he has carefully read the above and foregoing "Receipt and Release" in its entirety; that he understands the contents thereof in full; that he advised his client, Project Consulting Services, Inc., of its rights under all applicable laws; and that it then signed said Receipt and Release voluntarily as its own free act and deed.

_____
**ELLIS B. MUROV**

Sworn to and Subscribed Before Me
this 3 ( day of December, 2001.

_____
NOTARY PUBLIC

## DEUTSCH, KERRIGAN & STILES, L.L.P.
(A PARTNERSHIP INCLUDING PROFESSIONAL LAW CORPORATIONS)

ELLIS B. MUROV
A PROFESSIONAL LAW CORPORATION
(504) 593-0655
emurov@dkslaw.com

755 MAGAZINE STREET
NEW ORLEANS, LA 70130-3672
TELEPHONE (504) 581-5141
FAX (504) 566-1201

2510 14TH STREET, SUITE 1001
GULFPORT, MISSISSIPPI 39501
TELEPHONE (228) 864-0161
FAX (228) 863-5278

December 27, 2001

<u>Via Fax & U.S. Mail</u>

Thomas H. Padgett, Jr., Esq.
Sadler & Sykes, L.L.P.
50 Briar Hollow, Suite 550F
Houston TX 77027

    Re: Densel Stewart v.
       Project Consulting Services, Inc.
       USDC 99-3595-L(1)
       <u>Our File: 49868-001</u>

Dear Tom:

  I am enclosing a conformed copy of the Motion to Dismiss.

  PCS has not received the documents that you promised to return as part of the Receipt & Release. Please advise when we can expect to receive these documents.

        Very truly yours,

        *[signature]*

        Ellis B. Murov

EBM:np
Enclosure

## DEUTSCH, KERRIGAN & STILES, L.L.P.
(A PARTNERSHIP INCLUDING PROFESSIONAL LAW CORPORATIONS)

755 MAGAZINE STREET
NEW ORLEANS, LA 70130-3672

TELEPHONE (504) 581-5141
FAX (504) 566-1201

ELLIS B. MUROV
A PROFESSIONAL LAW CORPORATION
(504) 593-0655
emurov@dkslaw.com

2510 14TH STREET, SUITE 1001
GULFPORT, MISSISSIPPI 39501
TELEPHONE (228) 864-0161
FAX (228) 863-5278

January 4, 2002

Thomas H. Padgett, Jr., Esq.
Sadler & Sykes, L.L.P.
50 Briar Hollow, Suite 550E
Houston TX 77027

        Re:   Densel Stewart v.
                Project Consulting Services, Inc.
                USDC 99-3595-L(1)
                <u>Our File:  49868-001</u>

Dear Tom:

I am enclosing for your records a fully executed original of the Receipt and Release.

PCS still has not received back the documents described in ¶5 of the Release. Please advise when we can expect to receive same.

Very truly yours,

Ellis B. Murov

EBM:np
Enclosure

**DEUTSCH, KERRIGAN & STILES, L.L.P.**
(A PARTNERSHIP INCLUDING PROFESSIONAL LAW CORPORATIONS)

ELLIS B. MUROV
A PROFESSIONAL LAW CORPORATION
(504) 593-0655
emurov@dkslaw.com

755 MAGAZINE STREET
NEW ORLEANS, LA 70130-3672
TELEPHONE (504) 581-5141
FAX (504) 566-1201

2510 14TH STREET, SUITE 1001
GULFPORT, MISSISSIPPI 39501
TELEPHONE (228) 864-0161
FAX (228) 863-5278

January 28, 2002

**Via Fax & U.S. Mail**

Thomas H. Padgett, Jr., Esq.
Sadler & Sykes, L.L.P.
50 Briar Hollow, Suite 550E
Houston TX 77027

        Re:    Densel Stewart v.
                 Project Consulting Services, Inc.
               USDC 99-3595-L(1)
               <u>Our File:  49868-001</u>

Dear Tom:

       PCS still has not received back the documents described in ¶5 of the Release, even though this case was settled a month ago. . Please advise when we can expect to receive same.

                               Very truly yours,

                               Ellis B. Murov

EBM:np
cc:    Hon. Sally Shushan
        U.S. Magistrate Judge

bcc:   Mr. Charles L. Petrey

## LAW OFFICES OF
## SADLER & SYKES, L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP

60 BRIAR HOLLOW, SUITE 550E
HOUSTON, TEXAS 77027

TELEPHONE: (713) 877-8111
FACSIMILE: (713) 877-8188

JUDITH BATSON SADLER
Board Certified - Labor and Employment Law
Texas Board of Legal Specialization
Email: jsadler@sadlersykes.com

January 28, 2002

Fax (604) 566-1201
Ellis B. Murov
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130-3672

Re:   Civil Action No. 99-3595; *Stewart v. Project Consulting Services, Inc.*;
      In the United States District Court for the Eastern District of Louisiana

Dear Ellis:

In response to your January 28, 2002, we will be forwarding the documents to you in the next week or so.

Since the week after Christmas I have been traveling between Texas and Mississippi due to a very close childhood friend's illness caused by breast cancer. Unfortunately she was unable to beat the disease and died on January 15, 2002. I did not return to my office on a full time basis until last week. I apologize for the delay in forwarding the documents, but, to be honest, I prioritized her illness and other matters that contained actual deadlines. The settlement agreement did not have a specific deadline for return of the documents. Since I must review the files to ensure that we have returned any documents covered by the settlement agreement, I had set this task aside for the immediate future. Be assured, we have not disclosed the documents to any one and do not intend to disclose them.

Thank you for following up and for your understanding of this very difficult situation.

Very truly yours,

Judith Batson Sadler

JBS:lll

cc:   Honorable Sally Shushan

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENSEL STEWART, ET AL. | CIVIL ACTION |
| versus | NO. 99-3595 |
| PROJECT CONSULTING SERVICES, INC. | SECTION "L" (1)<br>FALLON/SHUSHAN |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that undersigned counsel will bring the attached Motion to Enforce Settlement on for hearing before the Hon. Sally Shushan, U.S. Magistrate, United States District Court, 500 Camp Street, New Orleans, Louisiana, on the 27th day of February, 2002, commencing at 9:00 a.m., or as soon thereafter as counsel may be heard.

_____
ELLIS B. MUROV, T.A. (9839)
BERNARD MARCUS (9261)
CHARLES F. SEEMANN III (23933)
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street,
New Orleans, Louisiana 70130
Phone: 504-581-5141
Attorneys for Project Consulting Services, Inc.

1